# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:05-CV-00377

| | |
|---|---|
| **CARAUSTAR CUSTOM PACKAGING GROUP (MARYLAND), INC.,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )  **ORDER**<br>) |
| **STOCKART.COM, LLC,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER** comes before the court on Plaintiff's Motion for Default Judgment and Defendant's Motion to Set Aside Entry of Default and Motion to Dismiss or Transfer Venue.

## BACKGROUND

The Plaintiff, Caraustar Custom Packaging Group (Maryland), Inc. ("Caraustar"), filed this declaratory judgment action, seeking to have declared invalid the Defendant's copyright of a pizza man image which the Plaintiff has been selling on pizza boxes.

Caraustar is a Maryland corporation, based in Maryland, that manufactures paper products, including pizza boxes. It sells the boxes to distributors who in turn sell them to pizza stores. Stockart is a Colorado limited liability corporation that licenses artwork, including the "pizza man" image at issue herein. Stockart is not registered to do business in North Carolina. It has no offices, warehouses, agents, or employees in North Carolina. Stockart allegedly does not advertise or sell goods in North Carolina. Stockart alleges that it has not sold the pizza man image in North Carolina and that it was created by an Arizona resident, Jeffrey Stephen Jones, who created the image in Arizona.

After several unsuccessful attempts to serve Stockart, Caraustar sought entry of default and has moved for Default Judgment. Stockart has filed a Motion to Set Aside the Entry of Default and has further moved to dismiss this action for lack of service, insufficiency of process, lack of personal jurisdiction, and lack of subject matter jurisdiction. In the alternative, Stockart moves to transfer venue to the United States District Court in Maryland, where it filed a copyright infringement action against Caraustar based upon the same image ten days after Caraustar filed the declaratory judgment action in this court.

**DISCUSSION**

The Court will first address Stockart's Motion to Dismiss for Lack of Personal Jurisdiction.

**A. Standard of Review**

Where, as here, the court rules on a 12(b)(2) motion relying on the Complaint, briefs, and affidavits alone, without conducting an evidentiary hearing, the burden is on the plaintiff to make a prima facie showing that personal jurisdiction exists. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). Moreover, all relevant pleading allegations must be construed in the light most favorable to the plaintiff. Id.

**B. Personal Jurisdiction**

To meet its burden, Caraustar must satisfy a two-step inquiry. First, Caraustar must show that the North Carolina long-arm statute confers personal jurisdiction over Stockart. Second, Caraustar must show that the exercise of personal jurisdiction over Stockart would not violate the requirements of the Due Process clause of the Fourteenth Amendment. See Mylan Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). The North Carolina Supreme Court has liberally construed the North Carolina long-arm statute to extend the full jurisdictional powers permissible

under federal Due Process. Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1065 (4th Cir. 1982). Thus, the two-step inquiry merges into a single issue of whether Stockart has the requisite minimum contacts with North Carolina to satisfy due process.

North Carolina's long-arm statute provides twelve bases for asserting personal jurisdiction over foreign defendants. N.C. Gen. Stat. § 1-75.4 (2005). Although Caraustar has not indicated which portions are applicable herein, subsection 1-74.4(1)(d) authorizes jurisdiction over a person engaged in "substantial activity within the state." Subsection 1-74.4(4) authorizes jurisdiction:

> (4) Local Injury; Foreign Act. --In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:
> a. Solicitation or services activities were carried on within this State by or on behalf of the defendant;
> b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade; or
> c. Unsolicited bulk commercial electronic mail was sent into or within this State.

N.C. Gen. Stat. § 1-75.4(4) (2005)

The Supreme Court has fashioned two tests for determining whether a defendant's contacts with the forum state are sufficient to confer personal jurisdiction. If the cause of action is unrelated to the defendant's activities in the forum state, plaintiff must prove that the contacts are "continuous and systematic" to support the exercise of "general jurisdiction" over the defendant. Helicopteros Nationales de Colombia v. Hall, 466 U.S. 408, 415-16 (1984). If the cause of action is related to or arises out of defendant's actions within the state, the plaintiff can establish more limited "specific jurisdiction" by proving that:

> (1) the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on

3

> those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies.

Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 945-46 (4th Cir. 1994). "Due process does not preclude assertion of jurisdiction over a defendant based on a single transaction if the transaction gives rise to the cause of action asserted by the plaintiff." Brown v. Am. Broad. Co., Inc., 704 F.2d 1296, 1302 (4th Cir. 1983). However, "a defendant's actions must have been 'directed at the forum state in more than a random, fortuitous, or attenuated way.'" Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004). Specific jurisdiction based on a website can be established where a person "(1) directs electronic activity into the forum State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 714 (4th Cir. 2002).

The court finds that Stockart has not conducted "substantial activity" in North Carolina sufficient to satisfy §1-75.4(1)(d). The Askew Affidavit demonstrates that Stockart does not have a presence in North Carolina nor does it conduct "substantial activity with this State." Stockart is a Colorado Corporation. Askew Aff. ¶ 3. Stockart does not have any offices, accounts, employees, or agents in North Carolina. Askew Aff. ¶¶ 4, 5, 11. Stockart has never paid taxes in North Carolina. Askew Aff. ¶ 11. The Askew Affidavit is uncontroverted, and there is no affidavit, or any other evidence, in the record to establish that there is personal jurisdiction over Stockart based on § 1-75.4(1)(d).

4

Furthermore, the allegations are insufficient to support jurisdiction under § 1-75.4(4) because the Complaint does not allege that the validity of the copyright caused any injury to a person or property in North Carolina. The court must infer the existence of jurisdiction only on the basis of what is pled, and the Complaint does not allege any facts from which the court can infer that Stockart meets the conditions of § 1-75.4(4). Specifically, the Complaint does not allege any solicitation or services activities in North Carolina by Stockart, that any products, materials or things processed, serviced or manufactured by Stockart were used or consumed in North Carolina, nor that unsolicited bulk commercial mail was sent into this State. Therefore, there is no personal jurisdiction under the state long-arm statute.

The Constitutional requirements for jurisdiction are likewise lacking. There are only four factual allegations in the Complaint that could provide the basis for specific jurisdiction: that Stockart operates a website that does business with North Carolina clients, that Caraustar sells pizza boxes in North Carolina, that Stockart has threatened litigation for violation of its copyright, and that the pizza man was authored by Jones. First, Stockart's website does not support specific jurisdiction because the Complaint does not allege that Stockart directed its website to North Carolina residents or invoked the benefits and protections of the laws of North Carolina. Nor does it claim that Stockart manifested an intent to do business in North Carolina. ALS Scan, Inc., 293 F.3d at 714. Even if Stockart did business with North Carolina residents through the website, the website is insufficient because the cause of action for copyright invalidity does not arise from those contacts. Brown, 704 F.2d at 397.

Next, to base jurisdiction on the claim that Caraustar has an in-state customer for its pizza boxes with the pizza man image would offend "traditional notions of fair play and substantial

5

justice." Lesnick, 35 F.3d at 945-46. Facing litigation in North Carolina would be a heavy burden on Stockart because it could not reasonably foresee litigation based on Caraustar's one customer in North Carolina. Additionally, it is equally attenuated to base specific jurisdiction on Stockart's threats of litigation because those threats were directed to Caraustar Maryland in Hunt Valley, Maryland. Thus, both the claim that Caraustar had an North Carolina customer and that Stockart threatened litigation fail to support specific jurisdiction.

With regard to the author of the work, Caraustar's claim that Jones is not the author and that the pizza man image is not subject to copyright fails to establish personal jurisdiction. Jones created the work in Arizona and transmitted it to Stockart in Colorado. Jones Aff. ¶¶ 1, 3, 5. These facts have nothing to do with North Carolina and do not form the basis for personal jurisdiction. Stockart could not reasonably foresee being hauled into court in North Carolina when the facts have no nexus with North Carolina.

Finally, the uncontroverted Askew Affidavit demonstrates that Stockart does not have the requisite minimum contacts with North Carolina for the court to exercise general jurisdiction. As discussed in relation to the long-arm statute, Stockart does not have any offices, accounts, employees, or agents in North Carolina. Furthermore, Stockart has never paid taxes in North Carolina. Consequently, Stockart's contacts are insufficient to confer either general or specific jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is hereby **GRANTED**, and all the other motions are **DENIED** as moot.

Signed: August 1, 2006

Graham C. Mullen
United States District Judge