IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV377-MU

| | | |
|---|---|---|
| CARAUSTAR CUSTOM PACKAGING GROUP (MARYLAND), INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| STOCKART.COM, LLC, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon Defendant Stockart's Motion for Attorneys' Fees and Costs pursuant to 17 U.S.C. § 505 (Document # 13); Plaintiff Caraustar's request for oral argument on Stockart's motion (Document # 21); and Caraustar's Motion to Reconsider the Court's Order Regarding Stockart.com's Motion to Dismiss (Document #16).

The Plaintiff filed this declaratory judgment action seeking to have declared invalid the Defendant's copyright of a pizza man image which the Plaintiff has been selling on pizza boxes.[1] After several unsuccessful attempts to serve Stockart, Plaintiff sought entry of default and default judgment. Stockart moved to set aside the entry of default and moved to dismiss for lack of personal jurisdiction. The court entered an Order on August 1, 2006 granting Stockart's motion to dismiss for lack of personal jurisdiction.

Stockart has now filed a Motion for Attorney's Fees and Costs pursuant to 17 U.S.C.§ 505. Carauster has objected and has also filed a Motion for Reconsideration of the court's Order.

---

[1] Ten days after Caraustar filed this action in this court, Stockart filed a copyright infringement suit against Caraustar in the United States District Court in Maryland.

The court has reviewed the partes' briefs and is prepared to rule on both motions.

Title 17, United States Code, Section 505 provides that in a copyright infringement action, "the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorneys fee to the prevailing party as part of the costs." Stockart claims that because the court dismissed this action for lack of personal jurisdiction, it is the "prevailing party " and should thus be awarded fees and costs.

In order for the Defendant be a prevailing party, there must be a court ordered change in the legal relationship between the Plaintiff and Defendant in the Defendant's favor. Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res., 532 U.S. 598, 604 (2001); Gardendance, Inc. v. Woodstock Copperworks, Ltd., 2006 WL 305220 (M.D.N.C. 2006). Judgments on the merits and court-ordered consent decrees create a material alteration in the legal relationship of the parties. Buckhannon, 532 U.S. at 604. A dismissal for lack of personal jurisdiction does not. In its Order dismissing this case for lack of personal jurisdiction, this court did not rule on any issue central to the merits of the dispute between Stockart and Caraustar. The court merely ruled that the dispute would have to be resolved elsewhere. The Plaintiff is still free to pursue its claims against Stockart, but not in this forum. Thus, Stockart is not a "prevailing party" under § 505, and is thus ineligible for an award of attorneys fees and costs.

IT IS THEREFORE ORDERED that Defendant's Motion for Attorneys' Fees and Costs (Document # 13) is hereby DENIED;

IT IS FURTHER ORDERED that Plaintiff's request for oral argument on Stockart's motion (Document # 21) is hereby DENIED; and

IT IS FURTHER ORDERED that Plaintiff's Motion to Reconsider the Court's Order

Regarding Stockart.com's Motion to Dismiss (Document #16) is hereby DENIED.

Signed: November 20, 2006

Graham C. Mullen
United States District Judge